FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
DEC 22 2004
10:10 a.m.
Betty A. Griess, Clerk
Cheyenne

# UNITED STATES DISTRICT COURT

# DISTRICT OF WYOMING

UNITED STATES OF AMERICA

vs.

JOSEPH T. CHERRY, JR.
dba MIRROR IMAGE TECHNOLOGIES, INC. ("MIT INC.")

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER 04-CR-082-01B

Ronald Brown
Defendant's Attorney

THE DEFENDANT: pleaded guilty to count(s)1.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§1343 and 2 | Wire Fraud and Aiding and Abetting | 1/2003 | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) 2, 3 & 4 are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's USM No: **08474-091**

12/17/04
Date of Imposition of Sentence

Clarence A. Brimmer
U.S. District Judge

12-21-04
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 12 months and 1 day.

The Court makes the following recommendations to the Bureau of Prisons:

Federal Prison Camp at Englewood, Colorado

The defendant shall self surrender at the designation Institution on 2/14/05 before noon.

## RETURN

I have executed this Judgment as follows:

______________________________________________________________

______________________________________________________________

______________________________________________________________

______________________________________________________________

Defendant delivered on ________________ to ____________________________ at ________________________, with a certified copy of this Judgment.

______________________________
United States Marshal

By: ______________________________
Deputy Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime.

The defendant shall abide by the standard conditions of supervised release recommended by the Sentencing Commission.

The defendant shall not use or possess a firearm, ammunition, dangerous weapons or destructive device. Supervised release shall be revoked for possession of a firearm.

The defendant shall not illegally use or possess a controlled substance. Revocation of supervised release is mandatory for possession of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the U.S. Probation Officer.

The defendant shall make special assessment and restitution payments as ordered by the Court and is required to notify the Court, through the Probation Office, of any material change in the defendant's economic circumstances that might affect the defendant's ability to meet these monetary obligations.

Pursuant to Public Law 108-405, Revised DNA Collection Requirements Under the Justice for All Act of 2004, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the U.S. Probation Office.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall pay all financial obligations immediately. Any financial obligations not paid immediately or through the Bureau of Prisons' Inmate Responsibility Program shall be paid beginning the month following his confinement, in monthly installments of not less than $200.

The defendant shall disclose the nature of his prior conviction to any employer, and any potential employment will be subject to prior approval of the Probation Officer.

The defendant shall provide full financial disclosure, including detailed documentation of income and expenses.

The defendant shall not incur any new debt or credit without permission of the Probation Officer.

The defendant shall not possess or consume alcohol and shall not frequent establishments deriving their primary source of income from the sale of alcohol.

The defendant shall submit to substance abuse testing and treatment in a program approved by the U.S. Probation Officer, and as directed by the Probation Officer.

The defendant shall not engage in gambling of any sort, including but not limited to day-trading of stocks, off-track betting or casino gambling.

The defendant shall pay a special assessment of $100, which shall be due immediately. The defendant shall pay all financial obligations immediately. Any financial obligations not paid immediately or through the Bureau of Prisons' Inmate Responsibility Program in order to pay his monetary obligations. All monetary payments shall be made payable by cashier's check or money order to the Clerk of the District Court, 2120 Capitol Avenue, Room 2141, Cheyenne, Wyoming 82001. Restitution payments shall be forwarded to CitiCorp Vendor Finance Inc., One International Boulevard, Mahwah, New Jersey 07430, Attention: Nick Tanelli

The defendant shall pay restitution in the amount of $157,772.12 due immediately, inclusive of penalties and interest. The restitution is to be paid jointly and severally with the co-defendant Robert Childs. Any financial obligations not paid immediately or through the Bureau of Prisons' Inmate Responsibility Program shall be paid beginning the month following his confinement, in monthly installments of not less than $200.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;

2) the defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

6) the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## FINANCIAL PENALTIES

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below.

| Count | Assessment | Restitution | Fine |
|---|---|---|---|
| 1 | $100.00 | $157,772.12 | $0.00 |
| **Totals:** | $100.00 | $157,772.12 | $0.00 |

## FINE AND/OR RESTITUTION

The fine and/or restitution includes any costs of incarceration and/or supervision. The fine, which is due immediately, is inclusive of all penalties and interest, if applicable.

The defendant shall pay interest on any fine and/or restitution of more than $2,500, unless the fine and/or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the below payment options are subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The court has determined that the defendant does not have the ability to pay interest or penalties and it is ordered that:

The interest and penalties not be applied to fine and/or restitution.

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The total fine and other monetary penalties shall be due as follows:

In full immediately. Any fine balance not paid immediately or through the Inmate Financial Responsibility Program shall be paid beginning the month following release from confinement, in monthly installments of not less than $200.00.

All monetary payments shall be made payable by cashier's check or money order to the Clerk of the District Court, 2120 Capitol Avenue, Room 2141, Cheyenne, Wyoming 82001. Restitution payments shall be forwarded to CitiCorp Vendor Finance Inc., One International Boulevard, Mahwah, New Jersey 07430, Attention: Nick Tanelli

All financial penalty payments are to be made to the Clerks Office, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

---

**RESTITUTION**

The defendant shall make restitution to the following persons in the following amounts.

| **Name of Payee** | **Amount of Restitution** | **Priority Order Of Payment** |
|---|---|---|
| Clerk, U.S. District Court<br>2120 Capitol Ave<br>2nd Floor<br>Cheyenne, WY 82001 | 157.772.12 | CitiCorp Vendor Finance Inc.,<br>One International Blvd.<br>New Jersey 07430<br>Attn: Nick Tanelli |

Each restitution payment shall be divided proportionately among the payees named unless specified in the priority payment column above. All monetary payments shall be made payable by cashier's check or money order to the Clerk of the District Court, 2120 Capitol Avenue, Room 2141, Cheyenne, Wyoming 82001. Restitution payments shall be forwarded to CitiCorp Vendor Finance Inc., One International Boulevard, Mahwah, New Jersey 07430, Attn. Nick Tanelli.

All financial penalty payments are to be made to the Clerks Office, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.